IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JASON WEATHERMAN,             )
                              )
       Plaintiff,            )
                              )
vs.                           )   Case No. 13-00166-CV-W-ODS
                              )
TIM LONG, JULIE BREDEMAN,     )
ALLIED SYSTEMS LTD, a.k.a.    )
GEORGIA ALLIED SYSTEMS,       )
LIMITED PARTNERSHIP, and ALLIED )
AUTOMOTIVE GROUP, INC.        )
                              )
       Defendants.           )

## ORDER AND OPINION REMANDING FOR LACK OF SUBJECT MATTER JURISDICTION

For the reasons discussed below, the Court *sua sponte* remands the case for lack of subject matter jurisdiction.

### I. BACKGROUND

Plaintiff Jason Weatherman, a citizen of Missouri, was formerly employed by Defendants Allied Systems Ltd. and Allied Automotive Group, Inc. (collectively "Allied Defendants") as a driver in Clay County, Missouri. While employed by Allied Defendants, Plaintiff trained with Defendant Tim Long. After being directed to drive with an overweight load and not to log all of his hours, Plaintiff reported to management that several rules were being violated. On February 15, 2012, Plaintiff was terminated by management, allegedly in retaliation for his report.

On February 17, 2012, Plaintiff returned to the work site to obtain his last paycheck. While leaving, Plaintiff encountered Defendant Long, who accused Plaintiff

of reporting his behavior.  As Plaintiff attempted to drive away, Defendant Long struck Plaintiff's vehicle, then accused Plaintiff of hitting him.  Defendant Long and Defendant Julie Bredeman (collectively "Individual Defendants") contacted law enforcement and reported that Plaintiff had assaulted Defendant Long with his vehicle.  Criminal charges were brought against Plaintiff in the Circuit Court of Clay County, Missouri, but the charges were dismissed on October 15, 2012.

On November 29, 2012, Plaintiff filed this suit against Individual Defendants in the Circuit Court of Clay County, Missouri, asserting state law claims for malicious prosecution and false arrest.  Individual Defendants are both citizens of Missouri.  On January 2, 2013, Plaintiff amended his petition to add wrongful termination claims against Allied Defendants.  Notice of Removal (Doc. # 1), Exh. B.  Allied Systems, Ltd. is a limited partnership with members in Georgia and Florida; Allied Automotive Group, Inc. is a corporation with its state of incorporation and principal place of business in Georgia.

On February 15, 2013, Allied Defendants removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a).  (Doc. # 1).

## II.  DISCUSSION

In their Notice of Removal, Allied Defendants assert that complete diversity exists because the claims against the non-diverse Individual Defendants were fraudulently joined.  In making this argument, Allied Defendants rely on Rule 20 of the Federal Rules of Civil Procedure, which allows joinder of defendants only if the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Allied Defendants contend the correct remedy is to sever and remand the claims against Individual Defendants pursuant to Rule 21 of the Federal Rules of Civil Procedure.  Motion to Sever and Remand (Doc # 9), at 2.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  The party seeking removal

2

bears the burden of proving subject matter jurisdiction. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 182 (8th Cir. 1993). Federal district courts are "required to resolve all doubts about federal jurisdiction in favor of remand." *Id.*

Fraudulent joinder is defined as "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). In analyzing fraudulent joinder, "the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* at 811. So long as there is at least a "colorable" state law cause of action against the diversity-defeating defendant, joinder is not fraudulent. *Id.* at 810. In questionable areas of state law, "the better practice is for the federal court not to decide the doubtful question . . . but simply to remand the case and leave the question for the state courts to decide." *Id.* at 811 (quoting *Iowa Public Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)).

In this instance, Allied Defendants' reliance on Rule 20 of the Federal Rules of Civil Procedure is misplaced. Plaintiff added Allied Defendants to the petition in state court, not federal court. Thus, the operative question is not whether the claims can be joined under the Federal Rules of Civil Procedure, but rather whether they can arguably be joined under state law.[1] Here, there is arguably a reasonable basis for predicting that the claims are properly joined under Missouri law. However, the Court expresses no opinion as to whether the claims are properly joined as that is an issue best addressed by a Missouri court. Because there is at least an arguable reason for joining the claims under state law, joinder is not fraudulent. Accordingly, the case lacks complete diversity and must be remanded for lack of subject matter jurisdiction.

---

[1] Rule 52.05 of the Missouri Rules of Civil Procedure contains similar language to Rule 20 of the Federal Rules of Civil Procedure: "All persons may be joined in one action as defendants if there is asserted against them . . . any right to relief in respect of or arising out of the same transaction, occurrences or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action." Despite this similar language, the Court declines to make conclusions about whether joinder is proper under Missouri law in this case.

3

III. CONCLUSION

The case is remanded to the Circuit Court of Clay County, Missouri for lack of subject matter jurisdiction.

IT IS SO ORDERED.

                                          /s/ Ortrie D. Smith
                                          ORTRIE D. SMITH, JUDGE
DATE: April 16, 2013                    UNITED STATES DISTRICT COURT